In the Matter of the Application of METROPOLITAN DISTRIBUTORS, INC., for a Certiorari Order, Petitioner, against LOUIS H. PINK, as Superintendent of Insurance of the State of New York, Respondent.

Hill P. J., Rhodes and Bliss, JJ., concur; McNamee, J., dissents, with an opinion in which Crapser, J., concurs.

McNAMEE and CRAPSER, JJ. (dissenting). Rule 32, paragraphs a and b, of the Experience Rating Plan provides for combining the "experience" of corporations within its jurisdiction, in prescribed instances. The petitioner Metropolitan Distributors, Inc., and two other corporations, the Commercial Sales Corporation, and the Yellow Products Corporation, are engaged in different phases of the automobile business, and these three corporations are affected by the determination under review. They have separate offices, and separate staffs, although they have several officers and directors in common, who perform services for all of the companies; and the places of business of all of the companies are located in a single building.

Rule 32 (a and b) of the Experience Rating Plan provides that each corporation *shall* be treated as a legal entity, and that the "experience" of two or more *shall not* be combined, except upon two specified conditions. One of these conditions is that the control and management of the corporations under consideration, shall be exercised by a person, or a group of persons, or a corporation; and the other is that such controlling person, group of persons, or corporation, shall hold eighty per cent of the voting stock of the corporations to be affected by such combination.

A fourth corporation referred to in the record, the Metropolitan Securities Holding Corporation, is not a party to this proceeding and is not directly affected by the determination, but it holds fifty per cent of the petitioner's stock, and one hundred per cent of the stock of the Yellow Products Corporation, but no more; and in turn, the stock of the Metropolitan Securities Holding Corporation is owned by a number of persons who are not parties to this proceeding, and who do not own the stock of, nor control, any of the three corporations whose experiences

are sought to be combined. No person, nor group of persons, nor any corporation owns eighty per cent of the voting stock of the three corporations in question.

The Superintendent of Insurance states in his determination that it is his " opinion," and that he " believes," that there is such an interlocking ownership, and such an interlocking control and management disclosed by the evidence as to bring these corporations " within the spirit and intent " of rule 32 (a and b) of the Experience Rating Plan. There is no finding of these " believed " facts by the superintendent, nor is there any finding that any person, group of persons, or corporation holds eighty per cent of the voting stock of the three corporations involved; and there is no evidence to justify such a finding. Such a finding is necessary. (*Matter of Elite Dairy Products, Inc.*, v. *Ten Eyck*, 271 N. Y. 488.)

The section mentioned does not confer discretionary power on the Superintendent of Insurance to act upon his opinion or belief; on the contrary, it fixes the standard, and prescribes the facts upon which he may combine the experience of two or more corporations. And it is this standard and these facts that must be established, and found by the superintendent. There is nothing to support the determination, and it should be annulled.